COMMISSIONER OF REVENUES *v*. WILLEY PLANTING CO.

5-1858                                    327 S. W. 2d 81

Opinion delivered September 7, 1959.

[Rehearing denied October 5, 1959]

*Herrn Northcutt,* for appellant.

*W. Stuart McCloy* and *N. J. Gantt, Jr.,* for appellee.

SAM ROBINSON, Associate Justice.   Appellee, Willey Planting Company, was a corporation engaged in farming, ginning, etc.   It had large land holdings and other assets.   In December, 1954, the stockholders decided to dissolve the corporation, and adopted a resolution to that effect.   The nature of the business was such that the assets could not be disposed of and the affairs of the company wound up in a few days.   Accordingly, the resolution to dissolve provides that liquidation was to start January 1, 1955, and be completed not later than November 30, 1955.   In dissolving the corporation, assets were sold resulting in a profit of a little over $300,-000.   The company paid no income tax on the profit derived from the sale of corporate assets in liquidation. Incidentally, the parties stipulated that the exclusion of such profits from gross income also conforms to the rule of § 337 of the Federal Income Revenue Code of 1954.

The State Revenue Commissioner contends that the corporation owes $15,111.09 as income tax on the profit

made from the sale of the corporate assets, and made a deficiency assessment against the company for that amount. The corporation filed this suit alleging that it was in the process of liquidation and asked that it be relieved from paying the deficiency assessment. The chancellor granted the relief prayed for by the corporation, and the Revenue Commissioner has appealed.

Ark. Stat. § 84-2041 provides:

"The Commissioner, with the approval of the Governor, may from time to time make such rules and regulations not inconsistent with this act as he may deem necessary to enforce its provisions."

Pursuant to this provision of the statutes, the Revenue Commissioner adopted the following regulation:

"Art. 45. *Gain Derived from Sale of Assets of Corporations in Liquidation.*—Profits derived from the sale of assets of a corporation which has been dissolved and is in process of liquidation should not be reported as gross income to the corporation, provided, it is conclusively and definitely shown that the corporation has ceased to do business and is proceeding with the necessary steps in liquidation; and provided, further, that such is made only because it is essential to the settlement of accounts outstanding against the dissolved corporation and is necessary for the proper distribution of the assets remaining to the stockholders."

The Revenue Commissioner contends that Article 45 of the regulations does not relieve the Willey Company from paying an income tax on profits derived from the sale of the corporate assets, for three reasons: First, that the corporation had not ceased to do business; second, that the sale of the assets was not "essential to the settlement of accounts outstanding against a dissolved corporation and is necessary for the proper distribution of the assets remaining to the stockholders"; third, that even if Article 45 of the regulations adopted by the Revenue Commissioner purports to relieve the corporation from paying income taxes on the profit de-

rived from the sale of assets in liquidation, such regulation is invalid.

The overwhelming evidence is to the effect that the stockholders of the corporation had adopted a resolution to dissolve the corporation and that the corporation is being dissolved as rapidly as possible. In fact, there is no evidence in the record to the contrary. True, the corporation continued to do those things necessary to prevent unnecessary losses, but any business done by the corporation was in accordance with Ark. Stat. § 64-806, which provides, among other things, that all dissolved corporations ''shall nevertheless be continued for the term of three years (3) from such expiration or dissolution as bodies corporate for the purpose of prosecuting and defending suits by or against them and of enabling them gradually to settle and close their business, to dispose and convey their property, and to divide their assets but not for the purpose of continuing the business for which said corporation shall have been established.'' Here it appears that if it had been possible for the corporation to have completely closed out its business and disposed of its assets the day the resolution to dissolve was adopted, this would have been done, but according to the evidence in the case a disposition of the assets in such a rapid manner was impracticable, if not utterly impossible, and it appears that the only business done by the corporation subsequent to the adoption of the resolution to dissolve was those things necessary to settle and close the business. This was in accordance with the statute, and regardless of the validity of Article 45 of the regulations adopted by the Revenue Commissioner, according to the evidence in this case the corporation as such would not owe an income tax on the profit from the sale of assets, such sale being made for the purpose of dissolving the corporation, paying the creditors and distributing the balance to the stockholders. It was shown that the first of January, 1955, the company owed $142,000, and although completely solvent, it did not have that amount in cash with which to pay such debts. Incidentally, the stockholders

818

individually paid income taxes on the profits they received from the sale of the corporate assets.

Affirmed.