B. Bryan Larey, Commissioner of Revenues v.
Mountain Valley Spring Company

5-4757                                    434 S.W. 2d 820

Opinion Delivered November 25, 1968
[Rehearing denied January 13, 1969.]

*Lyle Williams, J. Victor Harvey* and *Hugh L. Brown* for appellant.

*Wright, Lindsey & Jennings* for appellee.

George Rose Smith, Justice.    The issue here is the appellee's liability for state income tax.    On May 31, 1966, the appellee, an Arkansas corporation that had done business since 1882, filed its certificate of dissolution with the Secretary of State.    By the terms of the statute the corporation was thereupon dissolved.    Ark. Stat. Ann. § 64-902 (Repl. 1966).    Later in the same day the company, pursuant to its plan of liquidation, sold its assets for more than their book value. The company did not report the profit as income, its position

being that the gain was taxable to the shareholders who received the proceeds of sale under the plan of liquidation.

The Commissioner of Revenues disagreed with that view and levied an assessment of $35,535.50 against the corporation. The Company paid the assessment under protest and brought this suit to recover the money. This appeal is from a decree upholding the taxpayer's contention.

We think the decree must be affirmed on the authority of *Commissioner of Revenues* v. *Willey Planting Co.* 230 Ark. 815, 327 S.W. 2d 81 (1959). There, upon essentially similar facts, we held that the liquidating profit was not taxable to the corporation. That result was reached "in accordance with the statute, and regardless of the validity of Article 45 of the regulations adopted by the Revenue Commissioner." We construe the *Willey* opinion to mean that the profit was not taxable to the corporation because the taxing statute levies the tax "with respect to carrying on or doing business." Ark. Stat. Ann. § 84-2004 (Repl. 1960). A dissolved corporation, in selling its assets for the purposes of liquidation, is not carrying on or doing business within the meaning of the income tax law.

The Commissioner seeks to distinguish the *Willey* case on the ground that the general statute with respect to the dissolution of corporations has since been so modified that, in the language of counsel, "the effect of the legislative change, intended or un-intended, was to finally apply the levy of the corporate income tax upon the gains derived from the sale of the assets of a dissolved corporation."

We are not convinced by the Commissioner's argument. When the *Willey* case was decided the general corporation law provided that upon dissolution the directors of the corporation should be trustees of the corp-

orate assets for a period of three years, for liquidation purposes. Act 255 of 1931, §§ 41 and 42. By the present law, Act 576 of 1965, the existence of the corporation as a legal entity is preserved indefinitely, and the title to its property remains in the corporation rather than vesting in its trustees. Ark. Stat. Ann. § 64-904.

It seems clear that the change in the general corporation law was not intended by the legislature to alter corporate income tax liability in the manner suggested by the Commissioner. The statute that he relies upon, Act 576 of 1965, is a comprehensive corporation code covering almost 150 printed pages. In a note to the section now cited the drafting committee explained that the prior provision limiting the effective life of the corporation to a period of three years after dissolution was being changed to avoid the difficulty that arose when the trustees of the dissolved company failed to get the title to real estate out of the corporation within three years. Note to Ark. Stat. Ann. § 64-904. We are certain that the legislature did not intend by that trivial change, fully explained by the draftsmen, to bring about the far-reaching tax consequences now urged by the appellant.

Affirmed.